STATE OF WEST VIRGINIA

M.B.,
**Respondent Below, Petitioner**

**FILED**

**November 22, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 17-0028** (Tyler County 16-A-2)

**J.C.H. and J.L.H.,**
**Petitioners Below, Respondents**

## MEMORANDUM DECISION

Petitioner M.B., by counsel Jessica E. Myers, appeals the Circuit Court of Tyler County's December 12, 2016, order granting respondent's petition for stepparent adoption.[1] Respondents J.C.H. and J.L.H., by counsel Betsy Griffith, filed a response and a supplemental appendix. Petitioner filed a reply. On appeal, petitioner contends that the circuit court erred in finding that petitioner abandoned his child and in granting the petition for stepparent adoption.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner and respondent J.L.H. ("respondent mother") were previously married, and one son was born of this marriage. On November 5, 2009, petitioner and respondent mother divorced. Petitioner was granted visitation every first and third Saturday of the month, and his child support obligation was set at $255.45 per month by way of wage withholding through the Bureau of Child Support Enforcement. Petitioner maintained sporadic contact with his son, but his last contact with the child was in October of 2014.

On May 16, 2015, respondents married. Approximately one year later, on April 21, 2016, respondents filed a petition for stepparent adoption. The circuit court held a hearing on the petition. Finding that petitioner's payment of child support through wage withholding was insufficient to establish that he had financially supported the child and that he failed to visit or communicate with his child since October of 2014, the circuit court found that petitioner

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

abandoned his child and granted respondents' petition for stepparent adoption. These rulings were memorialized by order entered on December 12, 2016. It is from this order that petitioner appeals.

We apply the following familiar standard of review:

> In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *In re Adoption of C.R.*, 233 W.Va. 385, 758 S.E.2d 589 (2014) (citation omitted).

Further,

> (a) Abandonment of a child over the age of six months shall be presumed when the birth parent:
>
> > (1) Fails to financially support the child within the means of the birth parent; and
> >
> > (2) Fails to visit or otherwise communicate with the child when he or she knows where the child resides, is physically and financially able to do so and is not prevented from doing so by the person or authorized agency having the care or custody of the child: Provided, That such failure to act continues uninterrupted for a period of six months immediately preceding the filing of the adoption petition.
>
> . . . .
>
> (d) Notwithstanding any provision in this section to the contrary, any birth parent shall have the opportunity to demonstrate to the court the existence of compelling circumstances preventing said parent from supporting, visiting or otherwise communicating with the child[.]

W.Va. Code § 48-22-306.

Petitioner argues on appeal that the circuit court erred in concluding that both prongs of the statutory presumption of abandonment were met. First, petitioner asserts that the circuit court erred in concluding that making child support payments through wage withholding does not amount to "financially support[ing] the child" within the meaning of West Virginia Code § 48-22-306(a). Petitioner states that he has paid his child support obligation in full every month since the date of his divorce. Petitioner further states that the payment of child support through wage withholding is mandated by West Virginia Code § 48-14-401(a), subject to certain exceptions set

forth in West Virginia Code § 48-14-403.[2] Petitioner argues that the circuit court misinterpreted the abandonment statute by discounting the timely and consistent child support payments he made through wage withholding. That statute does not set the required amount, form, or manner of child support, nor does it state that payments made through mandatory wage withholding do not count toward financial support. Moreover, petitioner asserts that he bought a backpack and clothes for the child in 2013, but respondent mother disputes these assertions.

In *In re Adoption of C.R.*, 233 W.Va. 385, 758 S.E.2d 589 (2014), we found that the involuntary payment of child support through wage withholding was insufficient to overcome the first factor of the statutory presumption of abandonment. *Id.* at 389, 758 S.E.2d at 593. Thus, despite petitioner's dissatisfaction with this ruling and his attempts to distinguish his own case from *In re Adoption of C.R.*, the fact remains that payment of child support through wage withholding is insufficient to establish that petitioner financially supported the child. Moreover, even assuming petitioner bought an occasional gift or card, such is also insufficient to overcome the presumption of abandonment. *See Joshua D.R. v. David A.M.*, 231 W.Va. 545, 552, n.16, 746 S.E.2d 536, 543, n.16 (2013) (noting that, in the context of abandonment, parenting requires more than an occasional gift or card).

Petitioner also argues that the circuit court erred in finding that he failed "to visit or otherwise communicate with the child" for the requisite six-month period prior to the filing of the petition. Petitioner, however, acknowledges that "[i]t is undisputed that the petitioner has not had any form of contact with the child since October, 2014, a period of 18 months prior to the service of the [petition for stepparent adoption]." Although petitioner claims that he asked to see his son on at least two occasions after October of 2014 and before the filing of the petition, he never asked to resume his visitation, offered any specific dates to see his son, or reached out directly to his son. Accordingly, we find that the circuit court's conclusion that petitioner failed to visit or otherwise communicate with his son was not clearly erroneous.

For the foregoing reasons, we affirm the circuit court's December 12, 2016, order granting the petition for stepparent adoption.

Affirmed.

**ISSUED**: November 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman

---

[2]West Virginia Code § 48-14-401(a) states that "[e]very order entered or modified under the provisions of this article that requires the payment of child support or spousal support must include a provision for automatic withholding from income of the obligor in order to facilitate income withholding as a means of collecting support.

**DISSENTING:**

Justice Menis E. Ketchum
Justice Elizabeth D. Walker